89 F.3d 846
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Rolando MUNOZ-LEZCANO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70184.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 14, 1996.
Decided June 27, 1996.
 
 Before: REINHARDT and HALL, Circuit Judges, and MERHIGE, District Judge.*
 MEMORANDUM**
 Petitioner contends that the BIA's conclusion that he did not establish past persecution is not supported by substantial evidence. It is not at all clear from the BIA's opinion, however, whether it considered petitioner's claim of past persecution.[1] Indeed, the government contends that the BIA did not address the issue. Because we are unable to engage in meaningful judicial review of the BIA's decision, we grant the petition and remand so that the BIA may make the grounds for its decision clear. See Cardoza-Fonseca v. INS, 767 F.2d 1448, 1455 (9th Cir.1985) (stating that "in order for us properly to review the Board's determination, we must understand the basis for its decision and how it arrived at the findings underlying that decision," and remanding for clarification of the Board's opinion), aff'd on other grounds, 480 U.S. 421 (1987).
 PETITION GRANTED and REMANDED.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The issue of past persecution is central to this petition. If petitioner were to establish past persecution, a rebuttable presumption of a well-founded fear of future persecution would arise. Matter of Chen, Int.Dec. 3104, at 18 (BIA 1989). Although the BIA could then take judicial notice of changed country conditions, it would have to assess the petitioner's particular circumstances, see Berroteran-Melendez v. INS, 955 F.2d 1251, 1257 (9th Cir.1992), in determining whether the presumption of a well-founded fear had been rebutted. Unfortunately, we cannot say whether the BIA considered the issue of past persecution